MANEY BROS. & CO. v. CRANE CREEK IRRIGATION, LAND & POWER CO. et al.

CRANE CREEK IRR. DIST. et al. v. MANEY BROS. & CO.

(Circuit Court of Appeals, Ninth Circuit. March 6, 1916. Rehearing Denied May 8, 1916.)

No. 2644.

1. WATERS AND WATER COURSES ☞228—IRRIGATION—EXECUTORY CONTRACT OF SALE—MORTGAGE BY VENDOR.

A corporation, owner of water rights, reservoir sites, and rights of way for ditches, which contracted to construct an irrigation system and to convey undivided interests therein to each of two public irrigation districts in exchange for their bonds at par, could not thereafter, as against

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the districts, incumber such interests by a mortgage to a construction contractor having notice of the facts, securing an obligation for the payment of money, and which the districts could not discharge through the medium of payment provided for in their contracts.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. ☞228.]

2. WATERS AND WATER COURSES ☞228—IRRIGATION DISTRICTS—POWERS OF OFFICERS.

In such case the action of the officers of an irrigation district in attempting to recognize the validity of the mortgage was wholly ultra vires, and not binding on the district.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. ☞228.]

Appeal and Cross-Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by the Portland Wood Pipe Company, Maney Bros. & Co., a copartnership consisting of J. W. Maney, John Maney, Herbert G. Wells, and E. J. Wells, and others against the Crane Creek Irrigation, Land & Power Company, the Crane Creek Irrigation District, the Sunnyside Irrigation District, and others. From a decree entered on the cross-bill of Maney Bros. & Co., that company and the irrigation districts appeal. Affirmed.

Richards & Haga and McKeen F. Morrow, all of Boise, Idaho, for Maney Bros. & Co.

C. S. Varian, of Salt Lake City, Utah (E. R. Coulter, of Weiser, Idaho, of counsel), for Crane Creek Irrigation, Land & Power Co. and others.

Wilbur, Spencer & Beckett, of Portland, Or., for Portland Wood Pipe Co.

Before GILBERT and MORROW, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. This is a companion case of Crane Creek Irrigation District v. Portland Wood Pipe Co., 231 Fed. 113, —— C. C. A. ——, just decided. In fact, the present appeal and cross-appeal were prosecuted from parts of the same decree. As stated in our opinion just referred to, the Crane Creek Irrigation, Land & Power Company is a private corporation organized and existing under the laws of the state of Idaho, and the Crane Creek Irrigation District and the Sunnyside Irrigation District are public corporations organized and existing under the laws of that state. On the 22d day of August, 1910, the Irrigation & Power Company entered into two separate contracts with the two irrigation districts in question under the terms of which it agreed to construct and complete an irrigation system according to certain plans and specifications agreed upon, and upon completion to convey to each of the irrigation districts a certain specified undivided interest therein. These contracts recited that the Irrigation & Power Company was the owner of certain water rights, reservoir sites, and rights of way upon which some construction work had been performed, and it was thereupon agreed that the reservoir, dams, pipe

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lines, flumes, laterals, and other structures should be constructed and completed by the 1st day of May, 1912, and that when so constructed and completed the undivided interest should be conveyed to each of the irrigation districts as therein provided. It was further agreed that partial conveyances should be made from time to time on monthly estimates as the work progressed, and that upon the completion of the work these partial conveyances should be followed by final conveyances. In consideration of these conveyances the irrigation districts agreed to deliver to the Irrigation & Power Company certain coupon bonds of the districts at their face value. The contracts with the two districts were identical in terms, except as to the interest to be conveyed and the consideration to be paid.

On the 29th day of September, 1911, Maney Bros. & Co. entered into a contract with the Irrigation & Power Company for the construction of a dam forming a part of the irrigation system, in which it was agreed, among other things, that the Irrigation & Power Company should execute its promissory note in the sum of $87,000, due November 15, 1912, with interest at the rate of 6 per cent. per annum from November 15, 1911, secured by a mortgage on all its property, rights, and franchises of a form satisfactory to the contractors, as security for the payment of the note, and any and all other sums due or to become due under the agreement, and that the note should be indorsed by the appellees, Ford, Butterfield, and McKinney. On the same date a mortgage was executed by the Irrigation & Power Company to Maney Bros. to secure the payment of the sum of $87,000 thus agreed upon. This mortgage was executed to secure a promissory note for the sum of $87,000, in lawful money of the United States, with interest at the rate of 6 per cent. per annum from November 15, 1911. Thereafter the Irrigation & Power Company entered into a further contract with the Slick Bros. Construction Company for the construction of other parts of the system, and the Portland Wood Pipe Company furnished materials to Slick Bros. to be used in such construction work. Subsequently the Portland Wood Pipe Company perfected a lien under the laws of the state of Idaho and instituted the present suit in the court below for the foreclosure thereof. In that suit Maney Bros. & Co. filed a cross-complaint praying for the foreclosure of their mortgage. The court below decreed a foreclosure as against the Crane Creek Irrigation, Land & Power Company and its property, but denied any relief as against the irrigation districts and their property. From this decree both Maney Bros. & Co. and the irrigation districts have appealed.

It was conceded at the trial that there was a balance due on the Maney Bros. & Co. mortgage in the sum of $35,989.10, with interest at 6 per cent. per annum from December 27, 1913, and the decree awarded a personal judgment in that amount against the Irrigation & Power Company and the sureties on the note, and decreed a foreclosure of the mortgage as against the property of the mortgagor. The errors assigned on appeal of Maney Bros. & Co. are based on the refusal of the court to decree a foreclosure against the property and property rights conveyed by the Irrigation & Power Company to the

two irrigation districts, or to allow an attorney's fee in excess of $1,000 on the mortgage foreclosure. There was no error in these rulings. No doubt the vendor under an executory contract of sale such as this holds the legal title as security for the payment of the purchase price, and the title so held may be conveyed, mortgaged, or devised. The right to convey or mortgage, however, is subject to the important qualification that the vendor cannot, by any subsequent act of his, restrict or impair the rights of the purchaser under the executory contract, or impose burdens upon the property which cannot be removed by the purchaser without departing from the terms of his contract of purchase. Here the irrigation districts agreed to pay for the property in irrigation district bonds at their par or face value, whereas the mortgage called for the payment of lawful money of the United States. The mortgage could not be satisfied or paid through the medium of irrigation district bonds, and this fact was well known to the parties at the time of the execution of the mortgage.

The powers of irrigation district officers are defined and limited by law, and parties dealing with them, or in relation to the property they represent, are chargeable with notice of the powers conferred and of the mode in which these powers must be exercised. Such officers may not purchase property subject to a mortgage where it is without their power to pay or discharge the mortgage lien (Voss v. Waterloo Water Co., 163 Ind. 69, 71 N. E. 208, 66 L. R. A. 95, 106 Am. St. Rep. 201, 2 Ann. Cas. 978), and property which they have contracted to purchase may not be subjected to a lien by the vendor which the irrigation district cannot satisfy or discharge through the medium of payment provided for in the contract of purchase. Here it was without the power of the irrigation districts to pay or satisfy the mortgage, at least without departing from their contract of purchase, and this fact was well known to the mortgagors. If the parties to this mortgage contemplated or intended that the mortgage should be taken up and paid by the districts as a part of the purchase price of the property, the mortgage should have been made payable in bonds either directly or in the alternative, so that this might be done. The mortgage, however, contained no such provision. It was payable only in lawful money of the United States, and it could not be discharged or satisfied by a tender of irrigation district bonds. The irrigation districts assumed no obligation to pay cash by their contract of purchase, and to permit a foreclosure of the mortgage against their property at this time, for failure to redeem the mortgage in cash would work a manifest fraud against them. Such a result must have been contemplated, or should have been contemplated, when the mortgage was taken. For these reasons the court committed no error in denying a foreclosure against the property conveyed to the irrigation districts.

In this connection we have not overlooked the provision of the mortgage requiring the mortgagees to release the lien of the mortgage on the property to be conveyed to the Sunnyside Irrigation District upon the deposit as additional security with the cashier of the Boise National Bank of $75,000 par value of the legally issued bonds of the

district, the legality of which should first be approved by the Supreme Court of the state of Idaho, or the like provision for the release of the mortgage on the property to be conveyed to the Crane Creek Irrigation District by depositing $50,000 par value of the bonds of that district. But these were burdens which the parties to the mortgage could not lawfully impose on the irrigation districts.

[2] Our attention has been called to certain resolutions adopted by the district recognizing the validity of this mortgage; but such resolutions were adopted without consideration, and the attempt on the part of the district officers to subject the property of the districts to the lien of the mortgage is so manifestly ultra vires that it calls for no discussion. It is further claimed that the irrigation districts had no power to contract for the payment in bonds of an irrigation system to be thereafter constructed; but the contract has been made and executed, and it does not lie with the mortgagors in this case to challenge or question what has already been accomplished.

The action of the court below in fixing the amount of the attorney's fee was based largely on the ground that the principal services were performed in an unwarranted attempt to subject the property of the irrigation districts to the lien of the mortgage. In view of this fact, and of the further fact that the foreclosure was not contested by the mortgagor, we are unable to say that the allowance was inadequate or improper.

The claim of the irrigation districts that the property of the Irrigation & Power Company was not subject to foreclosure, because the Irrigation & Power Company was a tenant in common with the irrigation districts in a part of the property, is so utterly without merit as to require no discussion.

The rights of the Portland Wood Pipe Company were disposed of in our former opinion.

The decree is affirmed, without costs to either party.